**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBORAH MARTINEZ,<br><br>         Plaintiff,<br><br>   v.<br><br>KILOLO KIJAKAZI,[1]<br>Acting Commissioner of Social Security,<br><br>         Defendant. | Case No.: 1:21-cv-0160 JLT HBK<br><br>ORDER DECLINING TO ADOPT THE FINDINGS AND RECOMMENDATIONS, GRANTING PLAINTIFF'S APPEAL, DENYING THE COMMISSIONER'S REQUEST TO AFFIRM, AND REMANDING THE ACTION FOR FURTHER PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)<br>(Docs. 25, 26, 29)<br><br>ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF DEBORAH MARTINEZ AND AGAINST DEFENDANT KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY |

Deborah Martinez seeks judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income. (Doc 1.) Plaintiff asserts the administrative law judge erred in addressing the medical record and rejecting limitations identified by an examining physician. (Doc. 25.)

**I.     Findings and Recommendations of the Magistrate Judge**

The magistrate judge observed that Plaintiff applied for benefits on May 29, 2014. (Doc. 29 at 2.) For applications filed on or after March 27, 2017, the Commissioner revised the rules

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

1   for the evaluation of medical evidence at the administrative level.  *See Revisions to Rules*
2   *Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg 5844-01 (Jan. 18,
3   2017).  Because Plaintiff filed her application for benefits prior to that date, the magistrate judge
4   found her claim is not subject to the revised Regulations.  (Doc. 29 at 7.)
5       The magistrate judge noted that the medical record included opinions from both
6   examining physicians and "non-examining State Agency physicians, who reviewed 'a significant
7   portion of the evidence of record.'"  (Doc. 29 at 9, quoting AR 919-920 [Doc. 12-14 at 24-25].)
8   The ALJ gave "some weight" to the opinions of the examining physicians, while "great weight"
9   was given to the opinions of the non-examining physicians.  (*Id.* at 9-10.)  The magistrate judge
10  observed, "The ALJ issued a lengthy opinion summarizing the medical record and various
11  findings."  (*Id.* at 9, citing AR 906-920 [Doc. 12-14 at 11-25].)  Reviewing "the medical record
12  the ALJ referenced," the magistrate judge found the objective records were "a specific and
13  legitimate reason, supported by substantial evidence, for the ALJ to reject the limitations opined
14  by Drs. Rios," who performed a consultative examination.  (*Id.* at 11.)  Therefore, the magistrate
15  judge recommended Plaintiff's appeal be denied and Commissioner's administrative decision be
16  affirmed.  (*Id.* at 12.)
17  **II.     Objections**
18      Plaintiff filed objections to the Findings and Recommendations, asserting the "finding that
19  the ALJ properly articulated specific and legitimate reasons supported by substantial evidence for
20  rejecting the CE, Dr. Rios' outcome-determinative limitation to occasional handling over the non-
21  examining State Agency physician's limitation to frequent handling should be rejected."  (Doc.
22  30 at 2 (internal quotation marks, emphasis omitted.)  Plaintiff asserts that the ALJ did not
23  address the "differing upper extremity limitations" and failed "to include any analysis or
24  explanation one way or the other regarding why or why not the ALJ was accepting specific left
25  upper extremity limitations from any source, much less the non-examining source over an
26  examining source." (*Id.* at 2, 5.)
27      To the extent the ALJ addressed medical evidence in the record, Plaintiff asserts that the
28  relevant treatment records—which address Plaintiff's "need for treatment for wrist, hand or upper

extremity pain"— are support the opinion of Dr. Rios. (Doc. 30 at 7.) According to Plaintiff, the relevant treatment records are in Exhibits 3F/27; 5F/3, 9F/2, and 24F/253, and Plaintiff argues "these records document significant pain and limitation in the hand/wrist/upper extremities that support Dr. Rios' limitations on 'occasional' handling, reaching and fingering." (*Id.*, citing [Doc. 12-8 at 53, 82; Doc. 12-9 at 3; Doc. 12-23 at 66].) Plaintiff contends the ALJ mischaracterized the record, because the cited records also identified reduced grip strength, decreased mobility, reports of tingling and numbness, tenderness to palpitation, and "abnormal bilateral upper nerve conduction study." (*Id.* at 7, quoting AR at 384, 388, [Doc. 12-8 at 82, 86]; 1577 [Doc. 12-23 at 66]].) Furthermore, asserts that there was "more recent objective evidence of significant limitation of the left hand/wrist/upper extremity, not cited or discussed by the ALJ," including x-rays and treatment notes from 2020. (*Id.* at 8-9.)

Finally, Plaintiff contends the magistrate judge failed to address an argument "raised in the Reply Brief regarding the Defense's legally insufficient post-hoc review..." (Doc. 30 at 11.) Plaintiff contends the magistrate judge acknowledged the argument, but asserts "there is no further discussion one way or the other … about the validity of the Defense's *post-hoc* arguments." (*Id.*)

### III.    Discussion and Analysis

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations..." 28 U.S.C. § 636(b)(1). If objections are filed, "the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." *Id.* A de novo review requires the court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

#### A.    Applicable standards

Under the regulations governing Plaintiff's application, courts distinguish the opinions of three categories of physicians: (1) treating physicians; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither examine nor treat the claimant. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). In general, the opinion of a treating physician is afforded the greatest weight. *Id.*; *see also Magallanes v. Bowen*, 881 F.2d

3

747, 751 (9th Cir. 1989). Further, an examining physician's opinion is given more weight than the opinion of non-examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

An opinion is not binding upon the ALJ and may be discounted whether another physician contradicts the opinion. *Magallanes*, 881 F.2d at 751. An ALJ may reject an uncontradicted opinion of a treating or examining medical physician only by identifying a "clear and convincing" reason. *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining physician may be rejected for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*., 81 F.3d at 830. When there is conflicting evidence, "it is the ALJ's role to determine credibility and to resolve the conflict." *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The Court must uphold the ALJ's resolution of the conflict when there is "more than one rational interpretation of the evidence." *Id*.; *see also Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) ("The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ").

**B.     ALJ's evaluation of the medical opinions**

The ALJ observed that Dr. Tomas Rios performed a physical examination "at the request of the state agency" and the ALJ summarized the opinion of Dr. Rios as follows:

> [T]he claimant can stand and walk up to six hours, sit up to six hours, and lift or carry up to 20 pounds occasionally and 10 pounds frequently. She can occasionally climb and frequently balance, stoop, kneel, crouch or crawl. On the left, she can occasionally reach, handle, finger and feel. She should be precluded from working around chemicals, dust, fumes, and gases (Exhibit 4F).

(Doc. 12-14 at 24.) The ALJ indicated the opinion of Dr. Rios was "afforded some weight as it is based upon examination of the claimant and is consistent with the objective findings noted." (*Id.*) In the residual functional capacity, the ALJ determined Plaintiff could "frequently ...reach and handle with her upper left extremity." (*Id.* at 19.) Thus, the ALJ rejected Dr. Rios' limitation to occasional reaching and handling, as well as Plaintiff's limitations with fingering and feeling with her left hand. (*See id.* at 19, 24.) Instead, the ALJ adopted the limitations identified by Dr. De La

4

Rosa, a non-examining physician, the non-examining State agency physician who reviewed the documentary evidence on February 2, 2015," and concluded Plaintiff could "frequently handle and reach." (*Id.* at 25.) In doing so, the ALJ indicated the opinion of Dr. De La Rosa as "consistent with and supported by the treatment notes" summarized in the decision. (*Id.*)

An ALJ may reject the opinions of a physician when they are inconsistent with the overall record. *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 602-03 (9th Cir. 1999); *see also* 20 C.F.R. § 416.927(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."). However, to do so, "[t]he ALJ must do more than offer his conclusions." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). This burden can be met by the ALJ "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Swanson v. Secretary*, 763 F.2d 1061, 1065 (9th Cir. 1985); *Magallanes*, 881 F.2d at 751. For example, in *Embrey*, the ALJ gave the following reasons for rejecting a physician's opinion:

> The opinions of total disability tended [sic] in the record are unsupported by sufficient objective findings and contrary to the preponderant conclusions mandated by those objective findings. The duration of the claimant's stress treadmill testings and relative lack of positive findings, the results of other laboratory and x-ray testing, the objective observations of the physicians of record, all preponderate toward a finding that the claimant has never lost the residual functional capacity for light work for any period approaching 12 months.

*Id.* at 421. The ALJ in *Embrey* cited to specific instances in the record that led to a finding of an RFC for light work. Nevertheless, the Court found the ALJ failed to meet the burden of establishing specific and legitimate reasons for rejecting the opinion. *Id.* The Court reasoned, "To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim." *Id.* Here, the decision of the ALJ suffers similar infirmities.

The ALJ does not acknowledge the conflicting opinions of Dr. Rios and Dr. De La Rosa concerning Plaintiff's ability to reach, handle, finger, and feel with her left extremity. Although the ALJ purported to give "some weight" to the opinion of Dr. Rios because it was "consistent

5

with the objective findings," the ALJ did not identify the objective findings that he believed *contradicted* the limitation to occasional reaching and handling, or specify evidence to reject the findings related to fingering and feeling. (*See* Doc. 12-14 at 24-25.) Although the ALJ thoroughly summarized the medical record—as the magistrate judge observed—the ALJ did not link this summary of the medical record to the rejected limitations. As a result, the ALJ failed to meet the burden to identify a "specific and legitimate" reason for rejecting the limitations identified by Dr. Rios.

Without more, the ALJ failed to meet the level of specificity required by the Ninth Circuit to reject an opinion as conflicting with other medical opinions. *See Embrey*, 849 F.2d at 422 ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings"); *see also Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986) (the ALJ has a burden to "set out a detailed and thorough summary of the facts *and conflicting clinical evidence*, stating his interpretation thereof, and making findings") (emphasis added); *Allen*, 749 F.2d at 579 ("it is the ALJ's role to ... resolve the conflict"). Accordingly, the Court declines to find the ALJ identified specific and legitimate reasons to reject Dr. Rios' opinions that Plaintiff was limited to only occasionally reach, handle, finger and feel with her left arm and hand.

### IV.  Conclusion and Order

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court conducted a de novo review of the case. Having carefully reviewed the entire matter, the Court finds the ALJ failed to apply the proper legal standards, and declines to affirm the decision of the ALJ.

The decision whether to remand a matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Except in rare instances, when a court reverses an agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). Generally, an award of benefits is directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made,

> and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen v*, 80 F.3d at 1292.  In addition, an award of benefits is directed where no useful purpose would be served by further administrative proceedings, or where the record is fully developed. *Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1988).

A remand is appropriate for further consideration of the medical opinions. The ALJ failed to identify legally sufficient reasons for rejecting the physical limitations assessed by an examining physician.  Because the ALJ failed to resolve the conflicts in the record regarding Plaintiff's limitations with reaching, handling, fingering, and feeling, the matter should be remanded for the ALJ to re-evaluate the medical evidence.[2]  *See Moisa*, 367 F.3d at 886.  Based upon the foregoing, the Court **ORDERS**:

1. The Court declines to adopt the Findings and Recommendations (Doc. 29).
2. Plaintiff's request for judicial review (Doc. 25) is **GRANTED**.
3. Defendant's request to affirm the administrative decision (Doc. 26) is **DENIED**.
4. The matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision.
5. The Clerk of Court is directed to enter judgment in favor of Plaintiff Deborah Martinez and against Defendant Kilolo Kijakazi, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated: __**August 20, 2023**__                    _Jennifer L. Thurston_
                                                                    UNITED STATES DISTRICT JUDGE

---

[2] Because remand is appropriate on these grounds, the Court makes no findings related to the remaining arguments. Nevertheless, the Court also notes it need not consider arguments that were raised for the first time in Plaintiff's reply brief. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) ("It is well established in this circuit that the general rule is that appellants cannot raise a new issue for the first time in their reply briefs") (citation and internal quotation marks omitted); *Thrasher v. Colvin,* 611 F. App'x 915, 918 (9th Cir. 2015) (finding Social Security claims waived when raised for the first time in a reply brief).